## EMERSON v. STEVENS GROCER COMPANY.

### Opinion delivered November 25, 1912.

1. INSTRUCTIONS—REPETITION.—It is not error to refuse an instruction the subject-matter of which is covered by an instruction given by the court.  (Page 576.)

2. SALES—ACCEPTANCE—EVIDENCE.—The fact that the seller retained the buyer's check for an unreasonable time without notifying the buyer that he only retained it pending negotiations as to the terms of the contract, or that he failed to return it within a reasonable time, was admissible upon the issue of acceptance.  (Page 578.)

3. SAME—ACCEPTANCE—TIME.—Where an offer to buy goods is made, and the time of acceptance is not limited, the offer is open until accepted or rejected, provided it be done within a reasonable time.  (Page 578.)

4. INSTRUCTION—SPECIFIC OBJECTION.—Where an instruction is confusing or misleading, the objection should be pointed out specifically.  (Page 579.)

5. SALE OF CHATTELS—SUFFICIENCY OF ACCEPTANCE OF OFFER—INSTRUCTION.—Defendants offered to sell a car of potatoes to plaintiff to be delivered at Newport, and plaintiff proposed to buy them if delivered at Marianna at same price, and inclosed a check in part payment.  The court instructed the jury that "if you find that, upon the plaintiff ordering a car of potatoes on Newport quotations delivered

at Marianna, defendants notified plaintiff that delivery at Marianna would require a deposit of $100 for future delivery, and that plaintiff remitted the amount, but asked a modification to the Newport rate, and if you further find that the defendants accepted the check upon the terms and in assent to the offer set out in plaintiff's letter of January 6, or that, under the circumstances of this case, the defendants retained such check for an unreasonable time, then you may find for the plaintiff the amount sued for." *Held*, that the instruction was not open to a general objection. (Page 579.)

Appeal from Jackson Circuit Court; *R. E. Jeffery*, Judge; affirmed.

*Jno. W. & Jos. M. Stayton*, for appellants.

*Jones & Campbell*, for appellee.

HART, J. This is the second appeal in this case. The first appeal is reported in 95 Ark. 421, under the style of *Emerson* v. *Stevens Grocer Company*. The issues and facts are fully stated in that decision, and, as counsel for appellants concede that the facts on the retrial of the case are the same, they need not be restated here. Appellee brought this suit against appellants to recover damages for failure to deliver a car of potatoes which the former alleges the latter had sold it. There was a verdict and judgment for the appellee, and the case is here on appeal.

It is first contended by counsel for appellants that the court erred in refusing to give instruction numbered 6 asked by them. The instruction is as follows:

"The burden of proof is upon the plaintiff to show by a preponderance of the evidence that the defendant accepted plaintiff's counter proposition."

There was no error in this. Instruction numbered 1 given by the court is in part as follows: "The first contract between the parties has been abandoned by the plaintiff, and the only thing left in the case, and the only question for you to decide, is whether or not the defendants accepted the said counter proposition and agreed to deliver the potatoes at Marianna at the same prices it had quoted for their delivery at Newport; and, before you can find for the plaintiff, you must find from a preponderance of the evidence in this case that the defendants did accept the offer thus made by plaintiff, and did agree to deliver said potatoes at Marianna at the

same prices that it had previously quoted for a delivery of them at Newport."

It will be observed that the concluding part of this instruction is practically the same as instruction numbered 6 requested by appellants and refused by the court.

The court instructed the jury as follows:

"3.  You are instructed that the request of the plaintiff contained in its letter of January 6 was a counter proposition to buy a car of potatoes for delivery at Marianna at the same price as quoted by the defendants for delivery of a car of potatoes at Newport, and that you must find that this counter proposition was accepted by the defendant before you can find for the plaintiff in this case, and that the receiving and depositing of said check for $100 contained in said letter of January 6 was not an acceptance of said counter proposition in itself, but merely evidence of such acceptance, and that it is the intent with which such check was received and deposited that is to guide you in determining the weight to be given such acts as showing an acceptance.  Now, if you find that the defendants received and deposited said check upon the terms and with the intention of assenting to the terms of said counter offer, or retained said check an unreasonable time without notice, then you will find for the plaintiff; but, if you find that it was received and deposited and merely held by the defendants for a reasonable time, pending negotiations between plaintiff and defendants for the purchase of the Marianna car, such holding would not be an acceptance of the counter offer, and you will find for the defendants."

"4.  If you find that, upon the plaintiff ordering a car of potatoes on Newport quotations delivered at Marianna, defendants notified plaintiff that delivery at Marianna would require a deposit of $100 for future delivery, and that plaintiff remitted the amount, but asked a modification to the Newport rate, and if you further find that the defendants accepted the check upon the terms and in assent to the offer set out in plaintiff's letter of January 6, or that, under the circumstances of this case, the defendants retained such check for an unreasonable time, then you may find for the plaintiff the amount sued for."

It is now insisted by counsel for appellants that the

court erred in giving instruction numbered 4. They contend that the two instructions are contradictory and confusing, and say that the jury must have understood instruction numbered 4 to mean that appellants were liable if they retained the check for an unreasonable length of time, no matter what they did or said to indicate their refusal to accept appellee's offer; that the simple retention of the check outweighed everything else.

In the former opinion the court said: "The mere retention of the check was only evidence of such acceptance, and not conclusive proof thereof. If the appellants retained the check for an unreasonable time without notifying appellee that they only retained it for the purpose of waiting negotiations looking to the agreement of the parties to the terms of the contract, or failed to return it within a reasonable time, then the jury might infer from such action and conduct on the part of appellants that they actually did accept the terms of the offer contained in the letter of January 6 for the purchase of the potatoes. We think that, under the testimony, it was a question of fact for the jury to determine whether or not the appellants accepted the check upon the terms and in assent to the offer set out in appellee's letter of January 6, or whether they only held it awaiting negotiations; and that it was also a question of fact for the jury to determine whether under the circumstances of this case they retained it for an unreasonable time."

By the letter of January 6, appellee made a counter proposition to appellants that it would take the car of potatoes if it was delivered at Marianna at the same price as made in the original proposition of appellants for delivery at Newport. The disputed question of fact in the case is as to whether appellants accepted the counter proposition of appellee. In our former opinion we held that the fact of appellants retaining the check sent with the counter proposition was evidence of acceptance, but was not conclusive thereof. We reversed the case because the court in effect told the jury that the retention and collection of the check by appellants constituted, as a matter of law, an acceptance of the counter proposition made by appellee.

In the case of *Kempner* v: *Cohn,* 47 Ark. 519, which was

cited in our decision on the former appeal, it was held that, where an offer is made, and the time of acceptance is not limited, the proposition is open until it is accepted or rejected, provided an answer is given in a reasonable time. In the decision on the former appeal we held that, under the facts and circumstances of this case, it was a question of fact for the jury whether appellants retained the check for an unreasonable time, and also held that, if appellants did retain the check for an unreasonable time without notifying appellee that they only retained it for the purpose of further negotiations in regard to the counter proposition made to them by appellee, the jury might infer an acceptance.

It is the contention of appellee that appellants unconditionally retained the check for an unreasonable time, and that from this the jury might infer an acceptance. On the other hand, appellants claim that they retained the check pending further negotiations in regard to the counter proposition made to them by appellee on January 6, and that the facts and circumstances adduced in evidence were such that the jury should find appellee had notice that they so held it.

Instructions numbered 3 and 4 immediately followed each other, and it is evident that in them the court endeavored to submit to the jury the respective theories of the parties to the suit. If instruction numbered 4 was not satisfactory to appellants for the reason that they thought it might be confusing and misleading to the jury, in fairness to the court, they should have specifically pointed out their objections, to it to the end that the court might correct it. If they had done so, doubtless the court would have changed the verbiage of the instruction so as to meet their objection. Having failed to make a specific objection to the instruction, we do not think that the judgment should be reversed for giving it.

We think that the respective theories of the parties in regard to the disputed question of fact were fairly submitted to the jury, and the judgment will be affirmed.