Missouri Pacific Railroad Company *v.* Johnson.

Opinion delivered February 2, 1925.

1. Railroads—negligence and contributory negligence as jury questions.—In an action against a railroad company for injury to a truck at a crossing, where there was substantial evidence that the trainmen were negligent in approaching the crossing without signal, and that the driver of the truck was unable to see the approaching train on account of obstructions until he reached the track, and that when he discovered the train he did all he could to avoid a collision, the questions of negligence and contributory negligence were properly submitted to the jury.

2. Negligence—application of comparative negligence statute.—Crawford & Moses' Dig., § 8575, establishes the rule of comparative negligence in actions for personal injury or death only, and does not apply to recovery of damages to property.

3. Trial—instruction—sufficiency of general objection.—An instruction applying the statutory rule of comparative negligence to an action against a railroad company for damages to property is inherently wrong, and may be challenged by general objection.

4. Evidence—declarations of defendant's employees.—Declarations by defendant's employees, made after an accident has occurred, as to how it happened are inadmissible, being merely hearsay.

5. Appeal and error—necessity of objection to evidence.—A party not objecting to hearsay evidence when introduced cannot complain on appeal.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; reversed.

*Thos. B. Pryor* and *Ponder & Gibson,* for appellant.

The verdict is against the weight of the evidence and should be set aside. 147 Ark. 206; 144 Ark. 227; 126 Ark. 427; 132 Ark. 97; 132 Ark. 588. The court erred in permitting evidence to be introduced as to what fireman Mequet said right after the accident. It was hearsay, and not a part of the *res gestae.* 57 Ark. 287; 78 Ark. 38; 97 Ark. 420; 105 Ark. 247; 61 Ark. 52; 137 Ark. 107.

The court erred in giving instruction No. 7 as it had no application to recovery of damages to property, but is limited by its language to causes of action for personal injury or death.

The court erred in refusing to submit to the jury the duty of a traveler at a public railroad crossing and the question of his regard thereto. 96 Ark. 366; 110 Ark. 161; 107 Ark. 431; 81 Ark. 368; 86 Ark. 306; 106 Ark. 390; 83 Ark. 300; 96 Ark. 394; 103 Ark. 226.

*John E. Miller* and *C. E. Yingling,* for appellee.

The testimony as to what the fireman Mequet said immediately after the accident was not objected to, and it is too late to object here for the first time. 123 Ark. 594; 128 Ark. 397; 130 Ark. 11. The admission of this testimony was not alleged as the ground for a new trial. 154 Ark. 440; 149 Ark. 55; 143 Ark. 376.,

There was no proper objection made to the giving of instruction No. 7 requested by plaintiff. 143 Ark. 376; 38 Ark. 528; 106 Ark. 315; 111 Ark. 538; 119 Ark. 179.

Humphreys, J. Appellees brought suit in the circuit court of White County against appellant to recover $650 damages to a Maxwell truck, resulting from a collision with a fast passenger train which was operated by appellant. The collision occurred at the street crossing immediately south of the depot at Judsonia. It was alleged in the complaint that the truck was damaged through the negligence of the employees of the appellant, who were

operating the train, by failure to give the statutory signals of the approach of the train.

Appellant filed an answer denying the material allegations of the complaint, and, as a further defense, pleaded contributory negligence on the part of the driver of the truck.

The cause was submitted upon the pleadings, testimony adduced by the respective parties, and instructions of the court, which resulted in a verdict and judgment in favor of appellees, from which is this appeal

Appellant first seeks a reversal and dismissal of the action because the court refused to instruct a verdict for it. The contention was made that the undisputed evidence showed that appellant was not negligent in failing to give warning of the approaching train, and that appellee's driver was guilty of negligence in driving upon the track without listening and looking for the approaching train. We cannot agree with appellant's interpretation of the testimony.

The record contains substantial evidence tending to show that appellant's train approached the street crossing without ringing its bell or sounding its whistle, and that the driver on the truck was unable to see the approaching train on account of obstructions until he reached the second track, although looking and listening, and that, immediately upon discovering the train, he did all he could to avoid a collision.

The dispute in the evidence justified the submission of the issues of negligence and contributory negligence to the jury.

Appellant's next contention for a reversal of the judgment is that, in submitting these issues, the court erroneously applied the statutory rule of comparative negligence to the cause of action. Instruction No. 7, given by the court, over the objection and exception of appellant, was based upon act 156 of the Acts of 1919, page 143 (§ 8575, C. & M. Digest), which provides for a recovery of damages growing out of personal injuries or

death occasioned by the running of trains in this State. Instruction No. 7 given by the court is as follows:

"You are instructed that, if you find that the automobile of the plaintiff was struck by the locomotive pulling one of the defendant company's trains, at a public road or street crossing, that the contributory negligence of the plaintiff, if any, will not prevent a recovery, if you find from the evidence that the negligence of the plaintiff was of a less degree than the negligence of the defendant's employees in charge of the train and locomotive, provided you find said employees were negligent as defined in these instructions; but the contributory negligence of the plaintiff, if any, would serve to diminish the amount of his recovery in proportion to the degree of such contributory negligence."

The statute invoked and used as a basis for instruction No. 7 has no application to recovery of damages to property, but is limited by the language of the statute to causes of action for personal injury or death. Appellee suggests that a specific objection should have been made to instruction No. 7 in order to derive any advantage from the error committed by the court in giving the instruction. Not so, for the instruction was inherently wrong, and susceptible to challenge by a general objection which was made.

Appellant also insists upon a reversal of the judgment because appellees were permitted to prove by J. A. Ferguson that its fireman, Edward R. Mequet, stated immediately after the accident that the reason he did not see the approaching truck as the train neared the crossing was because he was putting in coal instead of keeping a lookout. It is true that declarations made by employees of a railroad company, after an accident, as to the manner in which it happened, are inadmissible as being hearsay merely; but in the instant case no objection was made by appellant at the time this piece of testimony was introduced. Having failed to object to the

introduction of the evidence when introduced, it cannot now complain. *Lisco* v. *Uhren,* 130 Ark. 11.

On account of the error indicated the judgment is reversed, and the cause remanded for a new trial.