CLARK *v.* DUNCAN.

4-8632                                                    214 S. W. 2d 493

Opinion delivered November 8, 1948.

*Ed. Trice,* for appellant.

*Thomas L. Cashion,* for appellee.

ED. F. McFADDIN, Justice. This appeal presents problems arising from the alleged parol rescission of a written contract.

In December, 1945, Clark leased certain lands to Duncan for the calendar years of 1946, 1947 and 1948. The contract was in writing, and a rent note was executed for each year. Duncan cultivated the lands in 1946 and paid the rent for that year; but did neither in 1947. Thereupon Clark filed this action on the 1947

rent note. Duncan's defense was that he and Clark had by parol mutual consent rescinded the written rent contract, and that such rescission was effective at the end of 1946. The case was tried to a jury, and Clark and Duncan were the only witnesses. There was a verdict and judgment for Duncan, the correctness of which is challenged by this appeal. Our decision turns on instruction No. 1[1] given by the Court, which reads in part:

"As a defense to this suit the defendant asserts that there was a mutual agreement by and between the plaintiff, B. C. Clark, and the defendant, J. H. Duncan, revoking and annulling said contract. You are, therefore, instructed that the burden of proof is upon the defendant to establish the fact that said mutual agreement was entered into and said contract revoked. If you find *from a preponderance of the evidence* in this case that said contract was revoked by the mutual agreement between the parties hereto, then said revocation is binding upon both parties, and *you will find for the defendant.*" (Italics our own).

It will be observed that the court told the jury that the proof of the parol rescission of the written contract need be established by only a *"preponderance of the evidence."* Clark offered a general objection to this instruction. We therefore have two questions: (1) *quantum* of proof, and (2) sufficiency of the general objection. We proceed to discuss these.

I. *Quantum of Proof.* The question presented is this: May parol rescission of a written contract be established by a mere "preponderance of the evidence," or must such evidence be "clear and convincing?" In 12 Am. Juris. 1012 this appears: ". . . evidence of rescission of a written contract by a subsequent parol agreement must be clear, positive, and above suspicion."

In 13 C. J. 780 and in 17 C. J. S. 1261 this appears: ". . . proof of an oral rescission of a written contract

---

[1] The only other instructions in the case were No. 2, which defined preponderance of the evidence, and No. 3, which bore on the credibility of the witnesses.

must be clear and convincing.'' Cases from many jurisdictions sustain the foregoing textual statements.[2]

Our own case of *Terral* v. *Poe,* 190 Ark. 346, 79 S. W. 2d 69, bears directly on the question. In that case, Poole had a written contract with Terral, but sought to show a subsequent parol contract rescinding the written agreement. Concerning the *quantum* of evidence, Mr. Justice McHANEY said: ''Moreover, a contract in writing is not to be so lightly set aside. It takes something more than a mere preponderance of the evidence to overturn the written agreement.''

The case of *Peck* v. *Stafford Flour Mills Co.,* 289 Fed. 43, is enlightening. There, the Eighth Circuit Court of Appeals, after stating that—absent any question of the statute of frauds—a prior written contract might be cancelled by subsequent oral agreement, said: ''But the evidence in all such cases must be clear and convincing as to the oral agreement.''

Without further discussion of the cited cases, we hold that, when it is sought to establish a parol rescission of a written contract, then the evidence of such rescission must be ''clear and convincing.'' So the instruction here questioned is erroneous, in that it stated ''preponderance of the evidence,'' when it should have stated ''clear and convincing evidence.''

II. *Sufficiency of a General Objection.* To the instruction here involved, Clark offered only a general objection; and the question therefore is: even if the proof had to be clear and convincing, does a mere general objection reach such defect in the instruction, or must there be a specific objection? Appellee cites us to such cases as *Washa* v. *Harris,* 167 Ark. 186, 266 S. W. 944; *Tennyson* v. *Keef,* 172 Ark. 877, 291 S. W. 426; and

---

[2] Some of these are: *John A. Stees Co.* v. *Willis,* 151 Minn. 192, 186 N. W. 391; *Dinsmore Sawmill Co.* v. *Falls City Lbr. Co.,* 70 Wash. 42, 126 Pac. 72; *Dwyer* v. *Illinois Oil Co.,* 190 Minn. 616, 252 N. W. 837; *McKinstry* v. *Runk,* 12 N. J. Eq. 60; *Willard F. Deputy & Co.* v. *Hastings,* 32 Del. 345, 123 Atl. 33; *Selman* v. *Geary,* 334 Ill. 642, 166 N. E. 455; *Josloff* v. *Falbourn,* 32 Del. 433, 125 Atl. 349; *Spaulding* v. *American Realty Co.,* 121 Me. 493, 118 Atl. 322; *Prairie Dev. Co., Ltd.,* v. *Leiberg,* 15 Idaho 379, 98 Pac. 616; *Atkinson* v. *New Britain Machine Company,* 154 Fed. 2d 895.

*Emerson & Co.* v. *Stevens Grocery Co.,* 105 Ark. 575, 151 S. W. 1003. In each of these cases there may be found statements to the effect that, when an instruction is confusing or misleading, there must be a specific objection, so that the court may have an opportunity to correct the instruction. But the instruction here at issue was more than ''confusing or misleading''; the instruction was affirmatively and inherently erroneous. Furthermore, it was a ''binding''[3] instruction, in that it told the jury: ''If you find *from a preponderance of the evidence* in this case that said contract was revoked by the mutual agreement between the parties hereto, then said revocation is binding upon both parties, and *you will find for the defendant.*''

Being a binding instruction and being erroneous, it was therefore inherently erroneous, because it *directed* the jury to make a finding based on less than the required evidence on the issue of rescission. When an instruction is inherently erroneous and binding, it cannot be cured by a concurrent correct instruction; hence a general objection is sufficient. *Mo. Valley Bridge Co.* v. *Malone,* 153 Ark. 454, 240 S. W. 719; *First National Bank* v. *Peugh,* 160 Ark. 517, 255 S. W. 4; *Mo. Pac R. Co.* v. *Johnson,* 167 Ark. 464, 268 S. W. 31; *Arkebauer* v. *Falcon Zinc Co.,* 178 Ark. 943, 12 S. W. 2d 916; *Harper* v. *Futrell,* 204 Ark. 822, 164 S. W. 2d 995, 143 A. L. R. 235.

Since instruction No. 1 was a *binding instruction* and was inherently erroneous, it follows that the judgment is reversed and the cause is remanded.

---

[3] In *Reynolds* v. *Ashabranner,* 212 Ark. 718, 207 S. W. 2d 304, we discussed "binding" instructions, and cited cases involving them.