COMPTON *v.* TALLEY.

5-1174                                        299 S. W. 2d 653

Opinion delivered March 11, 1957.

Paul B. Pendleton, Gordon H. Sullivan and *Harry C. Robinson,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

Ed F. McFaddin, Associate Justice. This case stems from a traffic mishap. The jury returned a verdict for appellees; and appellants claim (1) that there is no evidence to sustain the verdict, and (2) that the Trial Court committed error in giving an instruction.

I. *The Evidence.* Mr. J. T. Compton borrowed the car of his wife, Mrs. Aileen Compton, and took his mother, Mrs. Gussie Compton, for a pleasure ride. Mr. Compton was driving west on Markham Street in Little Rock and attempted to make a left turn into Thayer Street. Appellee, Talley, was driving east on Markham Street and drove into the right side of the Compton car, damaging the vehicle and causing personal injuries to Mrs. Gussie Compton. Mrs. Aileen Compton and Mrs. Gussie Compton brought this action against Talley and his employer. The defendants claimed that the mishap occurred because of the negligence of J. T. Compton in attempting the left turn in the face of oncoming traffic. The jury verdict was for the defendant.

Was there any substantial evidence to sustain the verdict? We conclude that there was. The defendant, Talley, testified that he was driving in the regular flow of traffic; that he was proceeding normally; that he was not passing any car; that there was a car a short distance in front of him; that he was keeping a lookout; that as soon as he saw the Compton car attempting to turn left, he (Talley) immediately applied his brakes and did everything possible to avoid the mishap. The testimony of Talley was sufficient to take the case to the jury on the issue of who was at fault.

It is true—as appellants claim—that there was a considerable amount of evidence tending to indicate that Talley was driving faster than the speed limit and that Compton gave the left turn signal in ample time for Talley to have avoided the mishap. But it is not for us as appellate judges to decide where was the preponderance of the evidence; our duty, and our only right, in a case like this one is to decide whether there was substantial evidence to take the case to the jury. We do so find.

II. *The Challenged Instruction.* The Trial Court gave the jury a number of instructions, all germane to the issues; and appellant challenges only the defendants' instruction No. 3, which was given over the plaintiffs' general objection. The instruction reads:

"You are instructed that the statutes of the State of Arkansas provide that: 'The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn.'[1] If you find and believe from the evidence that the collision involved here was caused solely by negligence on the part of J. T. Compton in failing to yield the right-of-way to John B. Talley, then the plaintiffs would not be entitled to recover, and your verdict should be in favor of John B. Talley."

Appellant offered only a general objection to this instruction; but insists that the instruction (1) is a binding instruction, and (2) is inherently erroneous; so that a general objection is sufficient.

That this instruction is a binding instruction is admitted, because it told the jury that the verdict "should be in favor of John B. Talley." See *Reynolds* v. *Ashabranner,* 212 Ark. 718, 207 S. W. 2d 304; and *Clark* v. *Duncan,* 214 Ark. 83, 214 S. W. 2d 493. It is true that a general objection is sufficient against a binding instruction that is inherently erroneous. In *Mo. Valley Bridge & Iron Co.* v. *Malone,* 153 Ark. 454, 240 S. W. 719, we said: "These instructions were inherently erroneous, and a general objection to them was sufficient." See also *Clark* v. *Duncan,* 214 Ark. 83, 214 S. W. 2d 493.

---

[1] The statute quoted is § 75-622 Ark. Stats.

The mere fact that the instruction was a binding instruction does not make it fatal. To be fatal, the binding instruction must be inherently erroneous. So the question to be decided is, whether the defendants' Instruction No. 3 was "inherently erroneous." An instruction is "erroneous" if it misstates the applicable rule of law. "Inherently" is the adverb of the adjective "inherent", and here has the meaning of "firmly or permanently contained, in-dwelling, or intrinsic". Wherein was this instruction in error, and wherein was such error intertwined in the rule of law so that it could not be separated?

We find no error in the instruction. It is certainly the law that, if the collision was caused entirely by the negligence of an unsued third party, the defendant would not be liable; and that is what the instruction said. J. T. Compton was not a party to this litigation, and yet he was the driver of the Compton vehicle. The instruction says that, if the collision was caused entirely through the negligence of J. T. Compton, the defendant, Talley, would not be liable. That is the law.

Appellant claims that the vice in the challanged instruction is in the word "solely". Appellant says that the word "solely" is ambiguous and misleading; and cites our recent case of *Whaley* v. *Crutchfield,* 226 Ark. 921, 294 S. W. 2d 775. In that case an instruction used the words "sole proximate cause". We held the instruction to be erroneous: not because it used those words but because the instruction ignored the issue of the contributory negligence of one of the drivers. *Whaley* v. *Crutchfield* does not hold that the words "sole proximate cause" make an instruction "inherently erroneous". In the case at bar: if appellants had considered the word "solely"—as used in defendants' Instruction No. 3—to be ambiguous, then a *specific* objection should have been offered: in the absence of such a specific objection, appellants cannot now—under a general objection—claim a mere matter of ambiguity. The challenged instruction was not inherently erroneous.

Affirmed.

Mr. Justice Robinson not participating.