Hayes STEPHENS and Jimmie G. STEPHENS,
His Wife *v.* WEST PONTIAC-GMC, INC., Lee WEST,
Individually, and Woodrow WELLS, Individually

CA 82-297                                        647 S.W.2d 492

Court of Appeals of Arkansas
Opinion delivered March 9, 1983

*Charles S. Gibson,* for appellants.

*Holloway & Bridewell,* by: *Bill R. Holloway,* for appellees.

TOM GLAZE, Judge. This contract case involves appellees' purchase of appellant's vehicle dealership which included three franchises, Pontiac, GMC trucks and AMC/Jeep.[1] Because only the Pontiac and GMC franchises were delivered, appellees filed suit for breach of contract, seeking damages for appellants' failure to convey the Jeep franchise. Appellants denied any breach and affirmatively asserted that

---

[1]The Arkansas Franchise Practices Act (and specifically Ark. Stat. Ann. § 70-812 [Repl. 1979]) is not an issue in this case.

appellees refused the Jeep dealership when it was offered and that appellees otherwise waived or were estopped from alleging any breach. At trial, appellees were favored with a jury verdict in the amount of $40,740.00. On appeal, appellants argue the trial court erroneously (1) overruled their motions for summary judgment and directed verdict, (2) admitted prejudicial hearsay testimony, and (3) instructed the jury.

In testing the trial court's ruling on the sufficiency of the evidence, we view the evidence in the light most favorable to the appellees. *Southern Pipe Coating, Inc.* v. *Spear & Wood Mfg. Co.*, 235 Ark. 1021, 363 S.W.2d 912 (1963). In doing so, we find the trial court was correct in denying appellants' motions.

Appellants contracted to sell their business, including the three franchises, for $130,000. The parties, in their written agreement, acknowledged that the respective manufacturers must approve the transfer of each franchise. Accordingly, the parties provided for rescission of the contract in the event the manufacturers did not approve. The date for closing the sale was set "at such time as the transfer of dealership has been approved by the manufacturers." Contrary to their agreement, the parties actually consummated the sale on November 1, 1980, which was *before* the manufacturers formally approved the transfers of the three dealerships. Appellees testified that they closed the sale because General Motors had informally approved the transfer of its dealerships which GMAC agreed to finance. They believed the Jeep dealership would also follow once the General Motors franchise was approved. Appellees subsequently obtained the Pontiac and GMC truck dealerships, but never received the Jeep franchise. Three and one-half months after the sale closed, appellees learned that GMAC would no longer finance or floor-plan Jeep vehicles. Learning this, appellees later declined the Jeep franchise after its transfer was finally approved and offered to them.

Appellants claim that they were entitled to a summary judgment or instructed verdict because appellees were offered the Jeep franchise, but refused it because of reasons

extraneous to appellants' conduct or the parties' agreement, *viz.*, that GMAC no longer provided financing for Jeep. We cannot agree. Appellees' testimony showed that appellants refused to terminate their relationship with Jeep because of a dispute over bonus money. Until appellants released their franchise with Jeep, appellees claimed they were unable to obtain the franchise in their own names. On November 1, 1980, the parties knew that the franchises were not formally approved, and the transfers would have to occur later. When, or if, either the appellants or appellees breached their contract necessarily became a fact question for the jury to decide. The rule is that a party to a contract who, with knowledge of a breach by the other party, continues to accept benefits under the contract and suffers the other party to continue in performance thereof, waives the right to insist on the breach. *Southern Pipe Coating, Inc.* v. *Spear & Wood Mfg. Co., supra.* Whether appellants refused to do those things required, within a reasonable time, for appellees to acquire the Jeep dealership was certainly in issue; so, too, was the issue regarding whether appellees waived any breach which may have been committed by appellants. These factual issues alone were sufficient reasons for the trial court to refuse appellants' requests for summary judgment and directed verdict.

We also find no merit in appellants' argument that the trial court erred in admitting certain hearsay testimony. Appellees' bookkeeper was allowed to testify that a Jeep representative said, in essence, that appellees need not submit an application for the Jeep dealership until appellants terminated their franchise. Even if the bookkeeper's statement were inadmissible hearsay, no prejudice arose from its introduction. The appellants admitted that, as dealers, they knew they had to release Jeep before the dealership could be transferred. The bookkeeper's testimony was merely cumulative to other testimony on this same issue and consequently was not prejudicial. *Nelson* v. *Busby,* 246 Ark. 247, 437 S.W.2d 799 (1969).

We finally consider appellants' argument that the trial court erred in giving jury instructions numbers 6, 7 and 8. Instructions 7 and 8 dealt with awarding damages if the jury

found in appellees' favor. After interposing objections at trial, appellants failed to proffer any instructions in their stead and failure to do so precludes their argument on appeal. *Roy* v. *Akins,* 276 Ark. 586, 637 S.W.2d 598 (1982); and *Baxter* v. *Grobmyer Bros. Construction Co.,* 275 Ark. 400, 631 S.W.2d 265 (1982). A different situation exists when considering instruction 6 because it was a binding instruction, and as such other rules become applicable. For example, the rule is well established that a general objection is sufficient against a binding instruction that is inherently erroneous. *Compton* v. *Talley,* 227 Ark. 491, 299 S.W.2d 653 (1957). The Supreme Court's adherence to the rule has continued and, in fact, it has been incorporated into the Court's Rules of Civil Procedure. *Swink & Co.* v. *McEntee & McGinley, Inc.,* 266 Ark. 279, 584 S.W.2d 393 (1979); Rule 51, Arkansas Rules of Civil Procedure.

Here appellants made a proper objection to instruction number 6 and we agree that the instruction was erroneous. The instruction directed the jury to find for appellees if it found: (1) appellees paid for but did not receive the Jeep dealership upon payment of the money, and (2) appellees sustained damages caused by appellants' failure to deliver the Jeep dealership on November 1, 1980, the time they were required to do so by the [parties'] contract.

In the first place, instruction 6 sets forth no principle of law, but instead singles out certain evidence the jury was required to consider in determining whether appellants breached the parties' contract. As noted by the Supreme Court in *Baxter* v. *Grobmyer Bros. Construction Co.,* 275 Ark. 400, 631 S.W.2d 265 (1982), courts have taken a skeptical view of such instructions and their use has been subject to disapproval because they single out and emphasize certain evidence in the minds of the jurors. *See also Thiel* v. *Dove,* 229 Ark. 601, 317 S.W.2d 121 (1958). Secondly, the evidence, as set out in instruction 6, was clearly wrong. Neither the appellants nor the appellees required or expected the Jeep dealership to be delivered when the sale was closed on November 1, 1980. In fact, the parties knew that none of the three franchises would be delivered until after the November 1 date. Nonetheless, instruction 6 erroneously correlates

appellees' damages to appellants' failure to deliver the Jeep dealership on November 1; 1980. This error was further enhanced by instructions 7 and 8 which instructed the jury to award damages to appellees based, in part, on the fact that appellants failed to deliver the Jeep dealership on November 1, 1980.

Appellees argue that any error contained in instruction 6 was cured by a concurrent instruction given at appellants' request. This argument ignores the rule that when a binding instruction is inherently erroneous, it cannot be cured by a correct instruction. Because instruction number 6 was a binding instruction and inherently erroneous, we must reverse and remand this cause for a new trial. *Clark* v. *Duncan*, 214 Ark. 83, 214 S.W.2d 493 (1948).

Reversed and remanded.