·Terral *v.* Poe.

4-3695

Opinion delivered February 11, 1935.

*Grover T. Owens,* for appellant.

*Charles B. Thweatt,* for appellees.

McHANEY, J.   This litigation grows out of a controversy over the division of an attorney's fee of $10,000 between appellant and appellees, Donald Poe and C. L. Poole, or Poole's assignee, C. I. Abbott.   The parties to this appeal are lawyers.   Judgment was recovered in the Calhoun Circuit Court by them in the case of *Crook* v. *Arkansas Power & Light Company* in the sum of $20,000. The case was appealed to this court and affirmed.   Interest accrued on said judgment in the sum of $683.33, which together with appellees' costs in this court of $15 made a total sum of $20,698.33.   The Arkansas Power & Light Company filed an interpleader's suit in the Pulaski Chancery Court against said Crook, the parties to this appeal and certain others.   It paid the sum above mentioned into the registry of the court, and all the parties having any interest in said fund intervened therein, and set up their rights thereto.   The court entered a decree by the consent of all parties, including appellant and appellees, impounding said fund pending a determination of the rights of the parties thereto.   All the interveners passed out of the case except appellant and appellees. Appellee, Poole, while admitting that he had a written contract with appellant to pay him $100 as a fee in each of two cases which appellant had pending in the Calhoun Circuit Court, contended that such fee was to be paid in cash, and that when appellant came to Hampton to try the Crook case, he was unable to pay cash, and that he and appellant thereupon agreed that he should be paid a contingent fee of twenty-five per cent. of appellant's

fee in the Crook case, contingent upon recovery. Appellee Poe contended that he had an agreement with appellant to assist him in the trial of the case for a fee of twenty-five per cent. of appellant's fee in the Crook case. He further contended that appellant was indebted to him in a substantial sum on account of fees in other cases in which he had been associated with appellant as counsel. On a trial of the case the court apparently found that neither of the appellees had any contract with appellant for any particular fee, or for any particular percentage of appellant's fee, but that appellees were entitled to recover against appellant on *quantum meruit,* and adjudged to appellee Poe out of the Crook case the sum of $1,809.79 plus $630 for his part of fees in other cases mentioned in his intervention, making a total of $2,439.79 payable out of the funds in the registry of the court. Appellee Poole was awarded judgment out of said fund in the sum of $775.62 with costs to each of them against appellant. From that judgment appellant has appealed, and appellees have cross-appealed.

As to appellee Poole, we think the court erred in holding that appellant had no contract with him, and in awarding judgment to him against appellant in excess of the amount of the contract. It is undisputed in this record that Mr. Crook employed appellant alone to prosecute his suit against the Arkansas Power & Light Company. Appellant had a contract with Crook for fifty per cent. of the recovery in his case. On November 22, 1932, appellant wrote appellee Poole the following letter:

"I have filed two cases against the Arkansas Power & Light Company at Hampton. I would be glad to have you in the cases if it is so you can be.

"I do not know how much judgment I will be able to get, but, if you will be glad to sit with me in the cases, I shall be glad to see that you get a $100 fee in each case. If this is satisfactory, advise me immediately, as I hope to try the cases during the January term of court."

Under date of December 1, 1932, appellee Poole replied that he would be glad to assist appellant as suggested in his letter. Under date of December 3, 1932, appellant replied acknowledging receipt of appellee

Poole's letter and naming the two cases mentioned in his former letter, one of which was the Crook case, and in which he said: "I am not certain, of course, what will happen in these cases, but I do not want you to work for nothing, and hence my offer in the amount I have."

These letters between appellee Poole and appellant clearly constituted a contract between them for the fee stated. But appellee Poole says they made a new contract the morning of the trial of the Crook case by which he was to be paid twenty-five per cent. of appellant's fee in the event of recovery, and he is corroborated in his statement in this regard by two of the jurors who sat on the jury in the trial of the Crook case. One of them says he overheard a conversation between appellant and appellee Poole outside the courthouse on the morning of the trial before it began. The other one says he overheard a conversation between them in appellee Poole's office in the courthouse on the same morning before the trial began. Both of them say they heard appellant tell appellee Poole that he would pay him twenty-five per cent. of his fee. Appellant strenuously denied any such agreement, and says that no such conversation occurred as these jurors testified to, and he is corroborated by a number of witnesses. We think it unimportant to detail this testimony or the surrounding circumstances tending to corroborate appellant. Suffice it to say that we agree with the trial court that there was no new agreement or contract entered into between appellant and appellee Poole as to his fee, and that the preponderance of the testimony supports the finding in this regard. There being no new agreement entered into, then the undisputed written agreement must stand, and appellee Poole's rights must be measured by the terms of his written contract. Moreover, a contract in writing is not to be so lightly set aside. It takes something more than a mere preponderance of the evidence to overturn the written agreement. Appellee Poole was therefore entitled to a judgment for $200 with interest from July 11, 1933, the date of the judgment in the Crook case, at six per cent. per annum to February 16, 1934, the date of the order impounding said fund.

Appellee Poe is in a different situation. He is a young man, thirty-three years of age, and has been practicing law since June, 1927. He is qualified, and is a capable and efficient lawyer. The proof so shows. He rented space in appellant's office from October, 1932, to November, 1933. It is contended that he was employed by appellant to assist him in the Crook case, and in a number of other cases enumerated by him, and was to be paid a fee of twenty-five per cent. of appellant's net fee in said cases. The proof shows that he rendered valuable and efficient service in the Crook and other cases. We assume it to be true as testified by him and others that he drew the complaint, and other pleadings in the Crook case, interviewed witnesses, took their statements, attended the trial, prepared the instructions, argued them and assisted in the trial of the case. We agree with the trial court, however, that he had no agreement with appellant to pay him twenty-five per cent. of the fee for his services. There being no contract as found by the trial court, which is not against the preponderance of the evidence, he can recover from this fund only the reasonable value of the services rendered in this particular case. We think there is no equity in his complaint or intervention in so far as it relates to any indebtedness of appellant to him for fees in other cases, and he has no lien on the fund impounded for such fees. If appellant is indebted to him on such account he has a complete and adequate remedy at law to enforce same. After a careful consideration of the services rendered in the Crook case, and, in view of the fact that he had no contract with appellant for any particular fee or any percentage of appellant's fee, we are of the opinion that $500 is an ample allowance for his fee in said case.

The judgments will be reversed, and the cause remanded with direction to enter a decree in accordance with this opinion, each party to pay his own costs, including the costs of this appeal.