466 P.2d 34

**Joseph SROCK, Jr., Appellant,**

**v.**

**Jaki SROCK, Appellee.**

**No. 2 CA–CIV 717.**

Court of Appeals of Arizona, Division 2.
March 12, 1970.

Russo, Cox & Dickerson, P. C., by Jerold A. Cartin, Tucson, for appellant.

Jerome·S. Sonenblick, Tucson, for appellee.

KRUCKER, Judge.

Defendant-appellant, Joseph Srock, was divorced by his wife, Jaki Srock, plaintiff-appellee. Following the final decree, plaintiff paid off a community debt, ordered in the decree to be paid by defendant. Plaintiff then filed a petition to show cause why she should not be repaid by defendant. The .court ordered her repaid and defendant appeals.

The sole issue raised by this appeal in the briefs is whether the court had jurisdiction to obligate one of the parties to a divorce to pay community debts, and to enforce the obligation by means of a money .judgment. ·

Defendant contends that there is no jurisdiction in the trial court to award money to third parties, not parties to the ·action. He contends that the court must award the sums to the other party, who then pays the third parties. He cites two Arizona cases, *Collins,* infra, and *Perkins,* infra. In Collins v. Superior Court in and

for County of Maricopa, 48 Ariz. 381, 62 P.2d 131 (1936), the Supreme Court was faced with the following question: Whether the defendant would be punished for contempt by the superior court for not discharging the mortgage and paying the taxes upon the premises referred to in the judgment. The party contended that the required payments were not "alimony" and this could only be enforced by an ordinary action of debt and thus contempt was unavailable. The court agreed with the allegation insofar as finding the payment requirement could not be construed as alimony under Arizona statutes and that contempt was not available to enforce that particular decree provision. At the same time, the court made the following troublesome statement:

"* * * [C]ertainly in view of all the authorities, an order to pay money to third parties, to wit, the holder of the mortgage on the premises, and to the tax collector of Maricopa County, is void for want of jurisdiction of the court to make it." 48 Ariz. at 400–401, 62 P.2d at 140.

Similarly, in Perkins v. Superior Court in and for County of Maricopa, 100 Ariz. 186, 412 P.2d 476 (1966), the trial court held the husband in contempt for failure to pay the community debts. Our Supreme Court, in an original writ of prohibition, held the trial court had no jurisdiction to order the husband to pay community obligations and to hold him in contempt for failure to so pay. The court cited Collins in the area of the troublesome language cited earlier.

At the same time, there are numerous Arizona cases which appear contrary to these two cases. First, in Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964), the wife complained that the trial court:

"* * * abused its judicial discretion in ordering that appellant pay the fees and expenses of the Master; the debts and encumbrances mentioned in the Reconciliation Agreement other than the balance due on the Jefferson Standard Life Insurance mortgages and her at-torney's fees." (Emphasis added) 95 Ariz. at 193, 388 P.2d at 241.

The Supreme Court, while specifically pointing out statutory authority to award the Masters fees, Rule 53(a), Rules of Civil Procedure, 16 A.R.S., found no abuse of discretion in the above division of the community property. Second, there is Spector v. Spector, 94 Ariz. 175, 382 P.2d 659 (1963). The husband was awarded title to the community property subject to its liabilities and gave the wife her interest in cash. The court held this was within the court's discretion.

We believe these cases can be read together without conflict. A.R.S. § 25–318, as amended, provides that:

"* * * the court [can divide] the property of the parties as to the court seems just and right * * *."

This means that if, for example, there were two equally valuable items of community property, the court could award one to each party. At the same time the court awarded the property, it could also take into consideration any encumbrances outstanding, to fix the real value divided to be given to each party. Thus, it appears not unusual in practice for divorce decrees to specially allot responsibility for community liabilities to one or both parties. However, we believe Collins and Perkins stand for the proposition that contempt is not the means to enforce the failure to pay these liabilities. Specifically, such responsibility cannot be construed as or enforced as alimony.

We particularly are compelled to affirm the trial court's discretion to allocate community liabilities because to do otherwise would nullify divorce effectiveness. If the debts already owed by the community, as distinct from the wife's attorneys fees, cannot be allocated between the parties then an essential item of divorce dispute remains unresolved. We do not mean to say that allocating community liabilities to one party can bind that party to a creditor for a certain amount, or that the creditor, not being a party to the action, is bound to a certain amount. All the decree

does effectively is put the responsibility for community debts on one party, whatever that liability might be. Ultimately, the responsibility to so pay cannot be enforced by contempt, as is alimony, but can only be enforced as any other action in debt, or as done in the instant case.

 At oral argument, counsel for Mr. Srock presented a second contention for consideration. He claims that the use of the "order to show cause" was jurisdictionally fatal to this action. Apparently, appellant contends that since the property division in a divorce decree is final and is not open to the continuing jurisdiction of alimony and child support matters, that this form of a supplemental proceeding is improper.

We agree with counsel that the property division in a divorce is final and cannot be altered except as generally provided by the law to alter judgments. 27B C.J.S. Divorce § 300(4). However, we point out that those aspects of a divorce decree which merely fix the rights and legal relationship of the parties take on the character of a declaratory judgment. And, under our declaratory judgment statutes, A.R.S. § 12–1838 provides that supplemental relief such as in the instant case can be sought.

We realize that this same result could have been reached in at least two other ways. The divorce decree itself could have made the husband liable for the community debts and in the case of his failure to so pay, granted the wife a money judgment in an appropriate amount. Or the wife, with the actual decree here, could have commenced an independent action for a money judgment based on the decree. The fact that neither of these routes was taken does not, we believe, invalidate the action here taken. In Adams v. Bear, 87 Ariz. 172, 349 P.2d 184 (1960), the court, by declaratory judgment, established the parties' rights under a promissory note. When the debtor defaulted, there was a separate action filed by the creditor to recover his money. The court, however, granted his motion for summary judgment saying that A.R.S. § 12–1838 entitled the creditor to speedy supplemental relief, and the Arizona Supreme Court affirmed.

In short, we believe the trial court was correct in granting the wife her money judgment as requested as supplemental to her divorce decree and in avoidance of a multiplicity of actions.

Judgment affirmed.

HATHAWAY, J., and WILLIAM C. FREY, Superior Court Judge, concur.

NOTE:

Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge WILIAM C. FREY was called to sit in his stead and participate in the determination of this decision.