EVANGELINE UPSHUR FREEMAN *v.* Shirley G. FREEMAN, Executrix of the Estate of Garman P. FREEMAN, Deceased

CA 86-56                                    722 S.W.2d 877

Court of Appeals of Arkansas
Division I
Opinion delivered February 4, 1987

*Walker, Roaf, Campbell, Ivory & Dunklin*, by: *Andree L. Roaf*, for appellant.

*Pope, Shamburger, Buffalo & Ross*, by: *Robert D. Ross*, for appellee.

JOHN E. JENNINGS, Judge. This appeal comes to us from Pulaski County Chancery Court. The primary issue at trial was whether a stock redemption agreement had been modified by a subsequent oral agreement of the stockholders. The chancellor found that the oral agreement had been established by clear and convincing evidence, and enforced the original agreement as modified.

The primary issues on appeal are whether the chancellor applied the correct burden of proof and, if so, whether the evidence supports his finding. We affirm.

In 1949, Evangeline Upshur and Garman Freeman married while attending dental school in Tennessee. After graduation they moved to Little Rock where they practiced dentistry together for thirty years. In the 1960's, Dr. Freeman and Dr. Upshur formed a professional corporation, known as PSI, with Dr. Jackson, a medical doctor, and Dr. Townsend, an optometrist. The corporation was formed for the purpose of building an office in which the four doctors could practice.

In 1968, the four entered into a written stock redemption

agreement (SRA). Dr. Jackson and Dr. Townsend each owned one-third of the corporate stock; Dr. Upshur and Dr. Freeman owned one-sixth each. The agreement provided that if Jackson or Townsend died the corporation would buy, and his estate would sell, his stock in the corporation. It further provided that Freeman and Upshur would each make a will leaving his or her stock to the other. Upon the death of the surviving spouse, the corporation would then buy that person's stock from his or her estate.

In 1979, Dr. Freeman obtained a divorce from Dr. Upshur. They continued to practice dentistry together for some time, however. Soon after the divorce Dr. Freeman remarried and promptly made a new will, naming his new wife, Shirley Freeman, as his executrix and leaving her his stock in PSI. In October, 1981, the stockholders met to discuss a modification to the 1968 SRA. The proposal was to free Dr. Freeman and Dr. Upshur from their mutual promises to make a will and to substitute a simple buy-sell provision for each. The evidence is in conflict as to whether or not an agreement was actually reached. Dr. Freeman died in 1984. His widow and executrix, the appellee here, sued the corporation and its stockholders to specifically enforce the SRA as allegedly amended.

Following the testimony, the chancellor held:

> Nonetheless, the evidence—visual, oral, and documentary—makes it crystal clear that at the called meeting of the four shareholders . . . on 10-5-81, they unanimously agreed to orally amend SRA to place the stock purchase of both Drs. Upshur and Freeman on a par with exactly the same as—that provided in the 1968 SRA agreement for Drs. Jackson and Townsend.

Dr. Upshur first asserts that the chancellor erred in requiring that the oral agreement be established by clear and convincing evidence. She argues that an oral agreement modifying an earlier written agreement must be established by "clear, unequivocal, and decisive" evidence, citing *Apco Oil Corp.* v. *Stephens*, 270 Ark. 715, 606 S.W.2d 134 (Ark. App. 1980) and *Amerdyne Industries, Inc.* v. *POM, Inc.*, 760 F.2d 875 (8th Cir. 1985). Appellant asserts that this language effectively requires proof beyond a reasonable doubt. We need not decide the quantum of proof required by the language as it is clear that it has been

correctly applied only in reformation cases.[1] *See Linda Elenia Askew Trust* v. *Hopkins*, 15 Ark. App. 19, 688 S.W.2d 316 (1985).

An oral modification of a prior written contract must be established by clear and convincing evidence. *Clark* v. *Duncan*, 214 Ark. 83, 214 S.W.2d 493 (1948); *see also Terral* v. *Poe*, 190 Ark. 346, 79 S.W.2d 69 (1935).

The next question is whether the chancellor's finding that the oral agreement had been established by clear and convincing evidence was clearly erroneous. A requirement that the evidence be "clear and convincing" does not mean that the evidence must be uncontradicted. It is not uncommon for an oral modification to be asserted by one party and denied by the other. *Linda Elenia Askew Trust, supra.* When the parties agree as to the existence of an oral modification there is no need for a lawsuit.

The evidence was that the four stockholders of PSI met on October 5, 1981, to discuss a change in the SRA. Dr. Upshur, the secretary, wrote in the minutes:

> The group agreed that Dr. Freeman's and Dr. Upshur's stock agreement is to be changed.

Although Dr. Upshur was part of "the group" her testimony at trial was that she had not in fact agreed. An unsigned copy of a formal written amendment to the SRA was found. The original SRA contained a marginal note which said "see amendment 10/5/81" and the provisions relating to mutual wills had been crossed out. Dr. Jackson and Dr. Townsend each testified that they were unable to recall whether an agreement had actually been reached, but each acknowledged that in a prior probate proceeding, he had testified that there had, in fact, been an agreement. There apparently was no further discussion of the matter after 1981. Of course, Dr. Freeman was not available to

---

[1] The language first appeared in this state in *Carnall* v. *Wilson*, 14 Ark. 482 (1854). It is traceable, at least, to an opinion in a reformation action by Mr. Justice Story, *U.S.* v. *Munroe*, 27 F. Cas. 32 (C.C.D. Mass. 1830) (No. 15,835). Although it is not entirely clear, it appears likely that the language is equivalent to "clear and convincing." *See e.g., Welch* v. *Welch*, 132 Ark. 227, 200 S.W. 139 (1918), and the thoughtful but inconclusive discussion in *McGuigan* v. *Gaines*, 71 Ark. 614, 77 S.W. 52 (1903).

testify at trial.

▮ When the burden of proving a disputed fact in chancery is by "clear and convincing" evidence, and the chancellor finds the fact so proved, the question we must answer on appeal is whether the chancellor's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. ARCP Rule 52(a) and Reporters Note 2 thereto. While it is true that, regardless of the burden of proof below, we hear chancery cases *de novo* on appeal, it is also true that even where the burden at trial was by clear and convincing evidence, we must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Rule 52(a).

▮ Here the chancellor had substantial evidence in written form that an oral agreement had been reached. Considering that evidence, together with the testimony adduced at trial, we are unable to say that his holding that the oral agreement had been established by clear and convincing evidence was clearly erroneous.

▮ Appellant contends that the oral agreement was invalid due to a lack of consideration. Mutual promises, however, constitute consideration, each for the other. *Afflick* v. *Lambert*, 187 Ark. 416, 60 S.W.2d 176 (1933).

▮ Dr. Upshur also argues that the chancellor took judicial notice of the prior divorce proceedings between Dr. Freeman and her and proceedings relating to the probate of Dr. Freeman's estate. She contends that this is error under *Braswell* v. *Gehl*, 263 Ark. 706, 567 S.W.2d 113 (1978), and that the case must therefore be reversed for an abuse of discretion. Here the chancellor apparently wrote one letter opinion disposing of two cases: the case at bar and an action relating to property problems still existing in the 1979 divorce proceedings. Appellant was no doubt aware that both actions were pending simultaneously before the same judge. Although the chancellor did not expressly take judicial notice of the divorce proceedings there are indications that he may have considered them in connection with the case at bar. If there was error here it was harmless, as it is quite clear from the record that his decision in this case was based on a finding that the SRA had been orally modified. We do not reverse for harmless error in the admission of evidence. *See* A.R.E. Rule

103(a).

It is also argued that the court erred in dismissing Dr. Upshur's claim for back rent allegedly incurred by Dr. Freeman prior to 1979. The trial court dismissed the claim without comment. We find no error since the record reflects that the proof was insufficient to enable the chancellor to give judgment on this claim.

We have carefully considered appellant's various other arguments, but find that none of them have merit.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.