2010 Ark. App. 188

**Rayburn O. PAGE, Appellant**

v.

**Charlotte J. PAGE, Appellee.**

No. CA 09–906.

Court of Appeals of Arkansas.

Feb. 24, 2010.

Wade Thomas Naramore, Garnett, Naramore, Drake & Naramore, P.A., Hot Springs, for appellant.

Ben Hooten, Hooten Law Firm, Hot Springs, for appellee.

**M. MICHAEL KINARD, Judge.**

Rayburn Page appeals from the divorce decree that ended his marriage to appellee Charlotte Page and awarded her continued medical insurance coverage for twelve months, $350 per month in alimony for twelve months, and $2000 in attorney's fees. Appellant argues that the circuit court erred in its finding of facts, which led to an abuse of discretion in the award of alimony and continued medical insurance coverage for twelve months and the award of $2000 in attorney's fees. We affirm.

The parties were married on July 7, 2007, and separated on June 25, 2008. Appellee filed a complaint for absolute divorce on August 25, 2008. During the first months of the marriage, the parties lived in appellee's house in Hot Springs; at the end of October 2007, they moved into appellant's newly constructed house in Benton, which was paid for from the proceeds of the sale of his last house. Appellee testified that at the time of the hearing she received $900 per month in rent for her house, which covered her mortgage of $846. Appellee worked at a radio station until September 2007, when she was laid off. According to appellee, the couple had planned for her to quit her job at the end of the year so they could travel, but she was laid off before then. She went back to work in April 2008 at a radio station but was again laid off. At the time of the hearing, appellee earned $8.50 per hour working at Home Instead Senior Care; she received scaled unemployment from her second job at a radio station, to give her income for a forty-hour work week. Appellee's income for 2008 was approximately $24,000. Appellant has income of approximately $6400 per month, which includes veteran's disability, social security, a pension, and income from a savings account invested with Edward Jones.

The parties both testified regarding their financial arrangements during their marriage, the possessions they brought to the marriage and those they acquired together, and other matters related to their marriage and decision to separate. In a letter ruling dated April 23, 2009, the court made detailed findings and the following awards: appellee received possession of and responsibility for the Toyota Camry she drove; appellant retained sole ownership of the Benton house; furniture and household items were divided; appellee received alimony of $350 per month and continued medical insurance coverage for one year; and appellee was awarded $2000 in attorney's fees. The court explained its alimony decision as follows: "Due to the parties' agreement for Plaintiff to quit her job, Plaintiff's age (58), the ability of Defendant to pay, and the financial need of the Plaintiff at least temporarily until she can regain comparable compensation, the

Court finds Defendant must pay alimony to Plaintiff for twelve months in the monthly amount of $350.00 per month beginning the date of the Decree." The court provided that the alimony payments were to cease "if [appellee] should remarry or either party dies." The divorce decree was filed May 1, 2009.

On appeal, appellant challenges the circuit court's decision to award any amount of alimony and to order him to continue to provide medical insurance to appellee for one year. Appellant begins by challenging the court's finding that "[d]ue to agreement of the parties that Plaintiff [appellee] would quit work after the marriage, Plaintiff has lost income and the ability to regain a job comparable in compensation to her former employment." We review domestic-relations cases de novo on the record, but we will not reverse the circuit court's findings unless they are clearly erroneous. *Ransom v. Ransom,* 2009 Ark. App. 273, 309 S.W.3d 204. Appellant asserts that while the parties had discussed the possibility of appellee quitting her job after the marriage, she did not do so and was actually laid off. Appellant urges that appellee being laid off—not any agreement between the parties—was the cause of her current financial situation. However, appellant places too much weight on this finding. Because this was but one factor the trial court cited in its decision, even if appellant could show that the finding was clearly erroneous, the award of alimony, medical insurance coverage, and attorney's fees was still not an abuse of discretion.

The decision whether to award alimony is a matter that lies within the trial judge's sound discretion, and on appeal, this court will not reverse a trial judge's decision to award alimony absent an abuse of that discretion. *Cole v. Cole,* 89 Ark. App. 134, 141, 201 S.W.3d 21, 25 (2005) (citing *Ellis v. Ellis,* 75 Ark. App. 173, 57 S.W.3d 220 (2001)). An abuse of discretion means discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Southwestern Bell Yellow Pages, Inc. v. Pipkin Enterprises, Inc.,* 359 Ark. 402, 198 S.W.3d 115 (2004). The primary factors in determining alimony are the financial need of one spouse and the other spouse's ability to pay. *Boudreaux v. Boudreaux,* 2009 Ark. App. 685, 373 S.W.3d 329. The trial court may also consider other factors, including the couple's past standard of living, the earning capacity of each spouse, the resources and assets of each party, and the duration of the marriage. *Rudder v. Hurst,* 2009 Ark. App. 577, 337 S.W.3d 565. The purpose of alimony is to rectify the economic imbalance in earning power and standard of living of the parties to a divorce in light of the particular facts of each case. *Matthews v. Matthews,* 2009 Ark. App. 400, 322 S.W.3d 15.

Our courts recognized rehabilitative alimony in 1990, when this court considered *Bolan v. Bolan,* 32 Ark. App. 65, 796 S.W.2d 358 (1990). Rehabilitative alimony is alimony that is payable for a short, specified duration of time. *See id.* at 67–68 n. 1, 796 S.W.2d at 360 n. 1. The primary purpose of rehabilitative alimony is to afford the recipient a specific period of time in which to become self supportive. *See id.*

In arguing that the trial court abused its discretion in awarding alimony and continued medical insurance, appellant points to the length of the marriage, appellee's "voluntary reduction of income" in reducing her tenants' rent, and the "substantial economic benefit [appellee] reaped as a result" of the marriage. We note that the decision whether to award alimony depends on the particular facts of each case

and determine that there was no abuse of discretion in the award of one year of alimony payments and medical insurance in this case. The marriage was indeed short (less than two years), but the alimony awarded was relatively modest ($350 per month) and for a limited time (one year). Certainly, the length of the marriage alone is not dispositive of whether alimony should be awarded in a particular case.[1] Our supreme court has held that the trial court can make an award of alimony that is reasonable under the circumstances. *Kuchmas v. Kuchmas*, 368 Ark. 43, 243 S.W.3d 270 (2006). Furthermore, the amount of alimony has never been reduced to a mathematical formula because the need for flexibility outweighs the need for relative certainty. *Id.*

As to appellee's lowering of the rental amount on her house, she testified that she lowered the rent from $1050 to $900 per month because her tenants were having trouble paying the rent and she needed her mortgage to be covered. We do not believe that fact has any significant impact on this case. Appellant also argues that appellee "reaped considerable economic benefit" from their marriage. In its letter ruling, the court found that when the parties separated, appellee withdrew $6800 from a joint bank account; that appellant made two car payments on appellee's car that she brought into the marriage, purchased new tires for it, and paid off the balance of $4700; that appellee traded in that car and received $4000 for it toward her new car; and that appellant paid all house payments, utility bills, and insurance on his house. None of these facts lead us to conclude that the trial court's decision constituted an abuse of discretion. Appellee received no interest in that house in the divorce. As to the car, appellee did receive some financial assistance from appellant during the marriage, but she has responsibility for the car she currently drives. Furthermore, that appellee withdrew funds from a joint account to pay bills when the parties separated does not seem unreasonable, and the trial court undoubtedly took that into consideration in making its ruling.

Appellant also asserts that appellee's current income "was not clearly defined at trial" and appellee failed to demonstrate that she needed alimony to meet her financial obligations. Appellee testified that in 2008 she made $24,000 and that she was making less than that at the time of the final hearing in 2009. We believe the evidence was sufficient to show that appellee had the need for alimony for a limited time following the divorce. The same reasoning applies to the award of medical insurance.

Finally, appellant argues that the award of $2000 in attorney's fees to appellee constituted an abuse of discretion. Arkansas Code Annotated section 9–12–309(a)(2) (Repl.2008) provides that, in the final divorce decree, the trial court may award the wife or husband a reasonable attorney's fee. A trial court has considerable discretion to award attorney's fees in a divorce case. *McKay v. McKay*, 340 Ark. 171, 8 S.W.3d 525 (2000). In determining whether to award attorney's fees, the trial court must consider the relative financial abilities of the parties. *Id.* Considering the disparity in the parties' income, we perceive no abuse of discretion in the trial court's award of $2000 in attorney's fees in this case.

---

1. In fact, our supreme court has stated that the fact that a marriage lasted only a few months is *a circumstance* to be considered. *Dingledine v. Dingledine,* 258 Ark. 204, 523 S.W.2d 189 (1975) (emphasis added). In *Dingledine,* the supreme court modified the award of permanent alimony from $250 per month to $150 per month.

Based on our de novo standard of review in domestic relations cases, we do not find the circuit court's findings clearly erroneous or its awards an abuse of discretion. Therefore, we affirm.

HENRY, J., agrees.

HART, J., concurs.

JOSEPHINE LINKER HART, Judge, concurring.

₈I agree that this case must be affirmed, but write separately because I wish to draw attention to the lamentable state of the law concerning whether or not a trial court has the authority to award alimony. The majority seems to be saying in its opinion that the trial judge has virtually unbridled authority to award alimony, if he or she decides to, as long as the payor seems to have more money than the payee. Sadly, I cannot fault this reading of our case law.

Here, it is certainly true that Mr. Page has a greater monthly income than does his wife of one year. It is, however, disturbing that the sources of his income, his veteran's disability, social security, pension, and income from a nonmarital Edward Jones Account, in other circumstances would all be "property" that Ms. Page would have no right to claim. One might find it difficult to see how it is equitable to grant Ms. Page a share of this property, particularly in light of the fact that the marriage lasted less than one year. However, the polestar in alimony cases seems to be rectifying the economic imbalances in earning power and standard of living of the parties. *Kuchmas v. Kuchmas,* 368 Ark. 43, 243 S.W.3d 270 (2006); *Mitchell v. Bass,* 2009 Ark. App. 640, 2009 WL 3153264. But there does not seem to be any consistency in the decisions of the appellate courts of this state.

I dissented in *Evtimov v. Milanova,* 2009 Ark. App. 208, 300 S.W.3d 110, where the court of appeals affirmed the denial of alimony after a four-year marriage. Likewise in *Whitworth* ₉v. *Whitworth,* 2009 Ark. App. 410, 319 S.W.3d 269, the court of appeals affirmed the denial of alimony after a twenty-year marriage. In Judge Robbins's concurrence in *Whitworth,* he stated:

I agree with the majority opinion and its rationale for affirming the trial court. I write separately to point out that our court recently affirmed a denial of alimony where the circumstances of the requesting spouse were significantly more dire than Ms. Whitworth's. *See Evtimov v. Milanova,* [2009] Ark. App. [208], [300] S.W.3d [110] (March 18, 2009). In *Evtimov,* the requesting spouse could hardly communicate in English, was earning minimum wages from two part-time jobs, and was living out of his car inasmuch as the marital home was awarded to the more affluent spouse, who was earning a six-figure income as a professor at UALR. If we were correct in affirming the denial of rehabilitative alimony in *Evtimov,* we surely do not err in affirming in this case.

In the instant case, Ms. Page's circumstances certainly are not "dire." She is younger than her ex-husband, employed, and still owns the home that she owned prior to the marriage. I submit that it does not appear equitable for Mr. Evtimov to be denied alimony in Pulaski County after a four-year marriage, Ms. Whitworth to be denied alimony in Grant County after a twenty-year marriage, and Ms. Page to receive alimony in Garland County after being married less than a year.

Finally, there is a suggestion that this case is being affirmed because the amount of alimony that was awarded was *only* $350 a month for one year, and because

appellant has a substantial monthly income, he will not miss it. The issue should not be whether the appellant will miss the amount of alimony he was forced to pay; but rather how much damage we are doing to the rule of law. I am certain we will miss *that*.