

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–13–66

| | |
|---|---|
| | **Opinion Delivered** JANUARY 29, 2014 |
| CATHY DAVIS DOZIER | APPEAL FROM THE GARLAND |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. DR 2011-47-III] |
| V. | |
| | HONORABLE LYNN WILLIAMS, |
| | JUDGE |
| JOHN B. DOZIER | |
| APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

In this divorce case, the Garland County Circuit Court issued a divorce decree in October 2012 that awarded Cathy Dozier a divorce from appellee John Dozier; found that certain property, real and personal, was John's separate nonmarital property; awarded Cathy rehabilitative alimony of $2,500 per month for seven years; and equally divided the parties' marital property. For reversal, Cathy argues that the circuit court erred in its award of alimony and in its classification of John's separate, nonmarital property. Finding no error, we affirm.

The parties were married in May 1993 and did not have children. On April 4, 1994, John's father established the John B. Dozier Land Trust for the benefit of John and John's daughter. The attorney who prepared the trust and related documents was Dan Felton. The trust was irrevocable. John Dozier served as the trustee and had the ability to appoint a successor trustee by naming one in his will or in some other instrument. On the same day,

John's parents also deeded 250 acres of real property to John. The warranty deed provides that the consideration was "the love and affection which we have for our son." Six months later, Felton discovered that he had made a scrivener's error in the warranty deed in that the grantee in the warranty deed was mistakenly John individually instead of the trust. Accordingly, on September 23, 1994, Felton prepared a Correction Deed wherein the 250 acres was conveyed to the "John B. Dozier Land Trust dated April 4, 1994." The Correction Deed states in pertinent part: *"The purpose of this Deed is to correct the name of the intended Grantee in that certain Warranty Deed dated April 4, 1994, and filed for record on September 20, 1994, in Book 333 at Page 584 of the records of Lee County, Arkansas."* During the marriage, John conveyed other parcels of real property he had acquired prior to the marriage into his land trust. He also acquired several hundred acres during the marriage in his capacity as trustee.

In January 2011, Cathy filed a complaint for separate maintenance from John. At that time, Cathy was 58 years old, and John was 61 years old. She later amended her complaint to seek an absolute divorce. She sought permanent alimony for the remainder of her life and an unequal division of the parties' marital property. John answered and counterclaimed for divorce.

A hearing was held in August 2011 for temporary maintenance. Following the hearing, the circuit court entered a temporary order that required John to pay the house payments, utilities, taxes, and lawn care for the marital residence at 239 Osprey Drive in Hot Springs; allowed Cathy temporary possession of the home; and required John to pay Cathy

$3,500 as monthly support, as well as her medical insurance. The court also ordered John to pay her $10,000 to replenish her 401(k) and another $10,000 to cover future attorney's fees.

A trial on the merits of the divorce was subsequently conducted over four days scattered over several months. At the conclusion of the trial, the circuit court requested each party to submit proposed findings of fact and conclusions of law. Each side presented those to the circuit court. The circuit court issued a letter opinion adopting, with modifications, John's proposed findings and conclusions. A thirty-eight page decree was entered on October 11, 2012, and amended on October 25, 2012.

The circuit court granted Cathy a divorce on grounds of eighteen-months' separation. The circuit court ordered the marital residence sold by the circuit clerk and the net proceeds after payment of the mortgage and costs of sale divided equally. The balance of the mortgage on the residence was approximately $400,000 and it had been put on the market to sell at an asking price of $975,000. The contents of the marital home were ordered to be sold, as well as a 2007 Cadillac, a 2011 Harley Davidson, a 2004 pontoon boat, a 1991 Buick, a 1999 utility trailer, a 1994 trailer, and a 1994 boat. The circuit court found that two "Labor Houses" built by John should be sold, with John given credit for the first $20,000 before the remainder was equally divided. After setting aside certain personal property to John as being his nonmarital property, the circuit court ordered all marital property sold and the proceeds divided equally.[1] The decree also divided the funds held in marital accounts equally, ordered

---

[1] John's personal property included items such as bedroom furniture, various antiques, and a gun safe. Cathy stipulated that most of this property was John's separate property. As for the items that Cathy did not stipulate were John's separate property, she did not

SLIP OPINION

the marital portion of each party's retirement account to be divided equally, and granted each party their own life insurance policies. Cathy's IRA held $100,000 in marital value, and John's held $242,400, approximately half of which was marital.

Turning to Cathy's request for alimony, the circuit court listed the various factors it considered and concluded that Cathy was not entitled to permanent alimony. Instead, the court awarded Cathy rehabilitative alimony of $2,500 per month for seven years, to cease upon her remarriage, death, or cohabitation. The circuit court also found the John B. Dozier Land Trust to be nonmarital and granted John all trust property, real and personal. It awarded Cathy $665 in costs and $10,000 for final attorney's fees. This appeal followed.

Cathy first argues that the circuit court abused its discretion in awarding alimony of only $2,500 per month and only for seven years. The decision to grant alimony lies within the sound discretion of the circuit court and will not be reversed on appeal absent an abuse of discretion. *Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007); *Ary v. Ary*, 2013 Ark. App. 677, ___ S.W.3d ___. A circuit court abuses its discretion when it exercises its discretion improvidently, or thoughtlessly and without due consideration. *Delgado v. Delgado*, 2012 Ark. App. 100, at 6, 389 S.W.3d 52, 57.

The purpose of alimony is to rectify the economic imbalance in the earning power and standard of living of the divorcing parties, in light of the particular facts of each case. *Spears v. Spears*, 2013 Ark. App. 535, at 5. The primary factors to consider are the financial need of one spouse and the other spouse's ability to pay. *Id*. at 6. Other factors include the

---

introduce any evidence showing that the items were, in fact, marital property.



financial circumstances of both parties; the couple's past standard of living; the value of jointly owned property; the amount and nature of the income, both current and anticipated, of both parties; the extent and nature of the resources and assets of each party; the amount of each party's spendable income; the earning ability and capacity of both parties; the disposition of the homestead or jointly owned property; the condition of health and medical needs of the parties; and the duration of the marriage. *Id*. The amount of alimony has never been reduced to a mathematical formula because the need for flexibility outweighs the need for relative certainty. *Page v. Page*, 2010 Ark. App. 188, 373 S.W.3d 408. If alimony is awarded, it should be set in an amount that is reasonable under the circumstances. *Id*.

Cathy asserts that the circuit court did not properly consider all of the relevant factors in the paragraph of the decree entitled "Alimony Conclusion." We disagree. The circuit court devoted over four pages of its decree to a discussion of the various factors for the award of alimony. The circuit court specifically considered and included the following factors in its decree: length of marriage, age of the parties, health of the parties, station of the parties, assets of the parties, lack of debts of the parties, lifestyle of the parties, income of the parties, temporary support previously ordered by the court and Supreme Court Administrative Rule 10. Given the extensive analysis of alimony in the decree, we cannot say that the circuit court failed to consider the proper factors or abused its discretion.

Cathy further argues that she is entitled to permanent alimony because she is fifty-eight years old and has not worked in over thirteen years and, as a result, has no marketable

skills to obtain a job making much over minimum wage.[2]  After careful consideration of the

factors set forth above, the circuit court decided to award the alimony award for a period of

seven years in part because after seven years, Cathy would be able to draw on John's Social

Security retirement benefits and she could draw from her IRA without penalty.  The circuit

court further noted that Cathy was in good health, but that she did not feel that she should

have to look for work.  *See Ary*, *supra*.  Rehabilitative alimony is alimony that is payable for

a short, specified duration of time in order to afford the recipient a specific period of time in

which to become self-supportive. *Page*, *supra*.

This court and the supreme court have in the past emphasized that the circuit court

is in the best position to view the needs of the parties in connection with an alimony award.

*See, e.g., Taylor v. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007); *Bailey v. Bailey*, 97 Ark. App.

96, 244 S.W.3d 712 (2006). In reviewing an alimony award, our role is simply to determine

whether the circuit court abused its discretion. *Whitworth v. Whitworth*, 2009 Ark. App. 410,

319 S.W.3d 269. We are not to substitute our judgment for that of the circuit court.  *Id.*

Cathy's argument asks us to do so. Based on this record, the circuit court considered the

proper factors, and we cannot say that the alimony award was an abuse of the court's

discretion.

Cathy next challenges the circuit court's classification of certain property as John's

separate, nonmarital property. Property classification is a question of fact. *See Farrell v. Farrell*,

---

[2]Cathy testified that she had only a high-school education. She also testified that she had previously worked in the banking industry prior to becoming a stay-at-home wife. The circuit court noted both of these facts in its discussion of the alimony factors.



365 Ark. 465, 231 S.W.3d 619 (2006). We review the circuit court's findings of fact and affirm them unless they are clearly erroneous, or against the preponderance of the evidence; the division of property itself is also reviewed and the same standard applies. *Id.* Cathy's arguments focus on two issues: Whether the 250 acres of real property was non-marital property; and, whether the John B. Dozier Land Trust was an "illusory trust" so that its assets were marital property to be divided. We affirm the trial court's findings because they are not clearly erroneous.

In finding that the 250 acres were John's separate property, the circuit court relied in part on the fact that the property was never titled in Cathy's name in any capacity. This was in error because our marital-property statute defines marital property as "all property acquired by either party during the marriage" except for certain enumerated exceptions. Ark. Code Ann. § 9-12-315(b) (Repl. 2009). A gift is one of those exceptions. *Id.* at subsection (b)(1). The circuit court ultimately found that the 250 acres was a gift from John's parents in 1994, relying on testimony from John and the attorney responsible for preparing the trust instrument and the deed conveying the real property. The first part of Cathy's argument is that Felton's testimony does not meet the requirement that an *inter vivos* gift be proven by clear and convincing evidence because he failed to provide a factual basis for his assertion that the property was a gift from John's parents. *See Bellis v. Bellis*, 75 Ark. App. 213, 56 S.W.3d 396 (2001). However, the question on appeal is not whether we are convinced there was clear and convincing evidence to support the findings of the circuit court, but whether we can say the findings are clearly erroneous. *Hearne v. Banks*, 2009 Ark. App. 590, 376 S.W.3d

444. Moreover, the trial court also found that Cathy *agreed* in her testimony that this 250 acres was a gift to John from his parents in 1994, as borne out by Cathy's proposed findings of fact and conclusions of law.

Cathy's final argument is that the land trust was "illusory" and, therefore, the assets held by the trust were marital property subject to division. Although John argues that her argument is not preserved for our review because Cathy failed to obtain a specific ruling from the circuit court, we disagree and hold that the issue is properly preserved for our review.

Cathy's attorney argued orally and in written proposed findings of fact and conclusions of law that the trust was illusory and invalid in that John is both the trustee and the beneficiary of the trust and that he used the illusory trust to divest Cathy of marital property. The trial court found that the marital money paid out of the parties' farming operation to the trust was shown to be legitimate rent owed to the landlord, the trust. John and Cathy ceased farming in 2002. The trial court found that the couple's final profits from farming were used to pay taxes and debts, with the remaining money spent by the parties over nine years. In sum, the trial court rejected Cathy's argument that John defrauded her of marital assets by funneling marital money and assets into the "illusory" trust and found that the trust was a valid irrevocable trust. Based on the record before us, we cannot conclude that the circuit court was clearly erroneous.

Affirmed.

PITTMAN and WALMSLEY, JJ., agree.

*Tapp Law Offices*, by: *J. Sky Tapp*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Natalie Dickson* and *Sam Hilburn*, for appellee.