Kenneth S. Hixson, Judge, dissenting. I join Judge Whiteaker’s dissent. The trial judge improperly applied the.recently-enacted statutory provision regarding rehabilitative alimony. There must be a reason that our legislature enacted this provision in 2013, and it must mean something more than a finite term of alimony. I add my own dissent to state that I would reverse for an additional reason: this alimony award was excessive and constituted an abuse of discretion. Alimony’s purpose is to rectify the economic imbalance in the earning power and standard of living of the divorcing parties, and the primary factors to consider are the financial need' of one spouse and the other spouse’s ability to pay, Spears v. Spears, 2013 Ark. App. 535, 2013 WL 5424819; Page v. Page, 2010 Ark. App. 188, 373 S.W.3d 408. An alimony award should be set in an amount that is reasonable. Id. On appeal, we determine whether the circuit court reached a decision that is clearly unreasonable. Whitworth v. Whitworth, 2009 Ark. App. 410, 319 S.W.3d 269. This amount of alimony is clearly unreasonable. As stated in the majority opinion, these parties were married for about twelve years. The husband was the wage-earner for the family, with an average net monthly income of $10,363. With the award of alimony here of $4,500 for the first three years in addition to the obligation to pay child support, the husband is left with $3,386 in monthly income to support himself. The wife, on the other hand, will receive $6,977 per month for that period of time, in excess of her stated monthly financial need and essentially two-thirds of the husband’s income. This is clearly unreasonable. I would reverse and remand on this issue because it demonstrates an abuse of discretion. See Mitchell v. Mitchell, 61 Ark. App. 88, 964 S.W.2d 411 (1998) (reversing an excessive alimony award and reducing it accordingly). As to the alimony statute, Arkansas Code Annotated section 9-12-312 was amended in the 2013 legislative session by Act 1487, to add a new subsection (b) regarding rehabilitative alimony: , (b)(1) Alimony may be awarded under proper circumstances concerning rehabilitation to either party in fixed installments for a specified period of time so that the payments qualify as periodic payments within the meaning of the Internal Revenue Code. (2) When a request for rehabilitative alimony is made to the court, the payor may request or the court may require the recipient to provide a plan of rehabilitation for the court to consider in determining: (A) Whether or not the plan is feasible; and (B) The amount and duration of the award. (3) If the recipient fails to meet the requirements of the rehabilitative plan, the payor may petition the court for a review to determine if rehabilitative alimony shall continue or be modified. (4) A person paying alimony is entitled to petition the court for a review, modification, or both of the court’s alimony order at any time based upon a significant and material change of circumstances. Rehabilitative alimony means something more than the less-than-permanent duration of 1 isit. Our function on appeal is to interpret, clarify, and apply the law. I believe, like Judge Whiteaker, that the trial court erred in its application of this statute. Whiteaker, J., joins in this dissent.