Howard W. Brill, Chief Justice, dissenting. The award to Leah Foster cannot properly be categorized as rehabilitative alimony. Accordingly, I dissent. Arkansas has long recognized a court’s authority to award alimony. See Ark. Rev. Stat., ch. 51, § 9 (1837). When a decree of divorce is entered, the circuit court shall make an order concerning alimony, if applicable, as is reasonable from the circumstances of the parties and the nature of the case. Ark. Code Ann. § 9-12-312(a)(l) (Repl. 2015). IssThere is a clear distinction between “permanent” alimony and “rehabilitative” alimony. Permanent alimony is an award for continued maintenance and support of a former spouse. See, e.g., Brown v. Brown, 38 Ark. 324, 1881 WL 1589 (1881) (noting that alimony is a continuous allotment of sums payable at regular intervals for support of the former spouse). The purpose of permanent alimony is to rectify economic imbalances in earning power and standard of living in light of the particular facts in each case. See Taylor v. Taylor, 369 Ark. 31, 250 S.W.3d 232 (2007). The primary factors to be considered are the need of one spouse and the other spouse’s ability to pay. See Mulling v. Mulling, 323 Ark. 88, 912 S.W.2d 934 (1996). The circuit court should also consider secondary factors, such as the financial circumstances of both parties; the amount and nature of the income, both current and anticipated, of both parties; the extent and nature of the resources and assets of each of the parties; and the earning ability and capacity of both parties. Kuchmas v. Kuchmas, 368 Ark. 43, 243 S.W.3d 270 (2006); see also Boyles v. Boyles, 268 Ark. 120, 594 S.W.2d 17 (1980) (listing illustrative factors courts have used when fixing the alimony amount). In addition, this court has held that a spouse’s status as a homemaker and stay-at-home parent can be a basis for awarding alimony. See Taylor, 369 Ark. 31, 250 S.W.3d 232 (alimony to continue until children reach eighteen years of age). In this case, the evidence presented to the circuit' court, the findings of the circuit court, and the foregoing factors would support an award of permanent alimony to Leah Foster. In contrast, rehabilitative alimony, as defined in Bolán v. Bolán, 32 Ark. App. 65, 796 S.W.2d 358 (1990), is “alimony payable for a short, but specific and terminable period of time, which will cease when the recipient is, in the exercise of reasonable efforts, in a-l^position of self support.” Id. at 67 n.l, 796 S.W.2d at 362 n.l; see also Page v. Page, 2010 Ark. App. 188, 373 S.W.3d 408 (noting that the primary purpose of rehabilitative alimony is to afford the recipient a specific period of time in which to become self-supporting). Rehabilitative alimony has been described as a “bridge the gap” measure to aid the recipient spouse in making the transition from married life to being single. Whitworth v. Whitworth, 2009 Ark. App. 410, at 7, 319 S.W.3d 269, 272 (Baker, J., dissenting). For example, this court has affirmed a rehabilitative-alimony award of tuition, books, fees, and expenses of the plaintiff at an accredited college, vocational-technical school, or trade school until the plaintiff completed a course of study or for five years, whichever was less. Myrick v. Myr-ick, 339 Ark. 1, 2 S.W.3d 60 (1999).[1] The standards for permanent alimony are well established by this court’s precedent. But the rehabilitative alimony established by Act 1487 of 2013 has different requirements. See Act of Apr. 22, 2013, No. 1487, 2013 Ark. Acts 6579, 6581-82. “Alimony may be awarded under proper circumstances concerning rehabilitation to either party in fixed installments for a specified period of time so that the payments qualify as periodic payments within the meaning of the Internal Revenue Code.” Ark. Code Ann. § 9-12-312(b)(l) (emphasis added). Under the amended statute, the goal is rehabilitation; there must be a rehabilitative plan for the recipient, established by the court; the plan must be feasible; and the plan must 124have requirements for the recipient to fulfill. See id. § 9-12-312(b). In addition, if the recipient fails to meet the requirements of the plan, the payor may petition the court for review to determine if rehabilitative alimony shall continue or be modified. Id. § 9-12-312(b)(3). For example, if the rehabilitative plan is for the recipient to attend law school, become a lawyer, and thus enhance future earning potential, then the payor may be ordered to pay for tuition and other expenses for the duration of law school. If the recipient later drops out of law school, the payor may seek relief from the court. Here, there is no rehabilitative plan in the circuit court’s order. Leah Foster has no requirements to fulfill. She will receive alimony every month, even if she takes no steps to enhance her future earning potential. She need only wait and patiently watch the movement of hands on the clock and the turn of the calendar page. If the legislature intended the passage of time to suffice as a rehabilitative plan, it could have said so far more precisely. A mere definite term of years is not a plan of rehabilitation. In this case, Leah Foster did not seek to be rehabilitated. She did not seek funds to change her status from a real estate agent to a real estate broker. She did not seek funds to obtain an advanced college degree. Rather, she sought funds to maintain her current status as a stay-at-home mother, raising her three minor children, and working part-time. The circuit court correctly considered Leah Foster’s status as a stay-at-home parent and homemaker, but under the facts and circumstances of this case, the circuit court should have awarded permanent, not rehabilitative, alimony.[2] 12fiThe mistake of the circuit court is threefold: it used the permanent-alimony factors when deciding whether to award rehabilitative alimony; it did not adhere to the statutory requirement for a rehabilitative plan; and it eliminated the payor’s right to seek judicial review if the recipient fails to meet the requirements of the rehabilitative plan. In my view, Leah Foster is entitled to permanent alimony. The award here is not rehabilitative alimony and should not be affirmed as such. Awarding permanent alimony under the guise of rehabilitative alimony circumvents the legislative intent in Act 1487. For these reasons, I respectfully dissent. . During the pendency of an action for divorce, the circuit court may award funds for maintenance. See Ark. Code Ann. § 9-12-309(a)(l)(A)(i). This temporary support is often referred to as "temporary alimony.” See, e.g., Bennett v. Bennett, 2016 Ark. App. 308, 496 S.W.3d 409; Webb v. Webb, 2014 Ark. App. 697, 450 S.W.3d 265; see also Lewis v. Lewis, 222 Ark. 743, 262 S.W.2d 456 (1953) (noting that the allowance of alimony penden-te lite was within the sound discretion of the chancellor). . Nothing in the statute bars a circuit court from awarding rehabilitative alimony in addition to permanent alimony. For example, a circuit court could award permanent alimony and also award rehabilitative alimony for the period during which the spouse is attending school.